```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF MISSISSIPPI
                JACKSON DIVISION
```

ROSIE WASHINGTON                                             PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:06cv293LR

DERKNOCO AUTO SALES, DERKNOCO
MARKETING COMPANY, LLC, AND
CREDIT ACCEPTANCE CORPORATION                               DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of plaintiff Rosie Washington to remand, and her related motion to quash defendants DerKnoCo Auto Sales and DerKnoCo Marketing Company's joinder in Credit Acceptance Corporation's notice of removal. Defendant Credit Acceptance Corporation has responded in opposition to both motions and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that plaintiff's motions should be denied.

Plaintiff, a Mississippi citizen, commenced this action in the Circuit Court of Hinds County, Mississippi, on May 7, 2006, alleging various wrongs by DerKnoCo Auto Sales and DerKnoCo Marketing Company (DerKnoCo defendants) and Credit Acceptance Corporation, in connection with plaintiff's purchase and financing of an automobile. Included among plaintiff's allegations was a charge that defendants violated the federal Truth in Lending Action, 15 U.S.C. § 1601 <u>et</u> <u>seq</u>.

On May 31, 2006, Credit Acceptance Corporation, a Michigan corporation, filed a notice of removal, asserting both federal question jurisdiction (based on plaintiff's allegations of Truth in Lending violations), and diversity jurisdiction (based on plaintiff's alleged fraudulent joinder of the nondiverse DerKnoCo defendants). The court's docket reflects that on that same day, May 31, 2006, defendants DerKnoCo Auto Sales and DerKnoCo Marketing Company, LLC filed a "Consent to Notice of Removal."

On June 8, plaintiff filed her motion to remand.[1]  While she challenged defendants' assertion of diversity jurisdiction, insisting that she has alleged viable claims for relief against the nondiverse defendants, she expressly acknowledged that she had alleged claims arising under federal law which would have entitled defendants to remove the case.[2]  She argued, however, that the notice of removal was procedurally defective because Credit

---

[1]  Plaintiffs filed an amended motion to remand on June 9 that appears identical to the one filed on June 8.

[2]  28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  Under this statute, "[a] defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court."  Aaron v. National Union Fire Ins. Co., 876 F.2d 1157, 1160 (5th Cir. 1989) (citations omitted).
    Plaintiff states in her motion to remand, "It is unassailable that Plaintiff has stated multiple federal claims in her complaint[,]" and that "this Court does have original jurisdiction over federal questions."

Acceptance Corporation removed the case without the consent of the DerKnoCo defendants, in violation of the "rule of unanimity."[3]

Apparently, plaintiff was unaware at the time she filed her motion that the DerKnoCo defendants had, in fact, timely filed their written consent to removal with the court. She was unaware of this because the DerKnoCo defendants (who were and are proceeding pro se) neglected to serve her with a copy of their consent, as required by 28 U.S.C. § 1446(d) and Federal Rule of Civil Procedure 5.[4] As a result, plaintiff and her counsel did not immediately receive notice of the filing; yet within hours of

---

[3] Plaintiff argues that "[i]f all Defendants properly joined and served fail to join the removal, it is procedurally defective; therefore, Credit Acceptance Corporation's notice of removal is defective and this Court should remand this action back to state court."

[4] Rule 5 provides that papers which must be served on a party represented by an attorney are to be served on the attorney. The rule provides that service may be made on a party/his attorney by electronic means, including through the court's transmission facilities if so authorized by the court's local rules, if the party has consented. Otherwise, service must be made by other means, such as by handing it to the person, leaving it at the person's office with a person in charge or in a conspicuous place, or leaving it at his dwelling with someone of suitable age and discretion residing there, or mailing a copy to his last known address.
    Any attorney who is admitted to practice before this court must consent to electronic service. However, at the time of removal, plaintiff's counsel had not been admitted to practice in this court and thus was required to be served by means other than electronically. This was not done.
    The docket reflects that a letter was sent by the Clerk of the Court to plaintiff's counsel on May 31, the day following removal, concerning the fact that he was not then admitted to practice in this court. Two days later, on June 2, he was admitted.

3

filing the notice of removal on June 8, plaintiff's counsel was contacted by Credit Acceptance Corporation and informed of the DerKnoCo defendants' consent to removal.  Plaintiff immediately moved to quash the consent to removal because, according to plaintiff, "the later joining Defendants neither noticed counsel for Plaintiff (as required by F.R.Civ.P. 5) nor filed an Answer in this Court" within the thirty-day removal period.  Plaintiff declares:  "This is a simple matter; the late joining Defendants did not notify Plaintiff's counsel as to their actions as they were required, and subsequently, these Defendants did not provide proper notice to the Court of such service."  Having considered plaintiff's argument, the court concludes that the DerKnoCo defendants' failure to provide effective notice to plaintiff of their consent to removal within the thirty-day removal period does not warrant quashing their consent or remanding the case.

The procedure for removal is prescribed by 28 U.S.C. § 1446, which states:

> (a) A defendant or defendants desiring to remove any civil action . . . from a State court <u>shall file in the district court</u> . . . a notice of removal. . . .
> (b) The notice of removal of a civil action or proceeding <u>shall be filed within thirty days</u> after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .
> . . .
> (d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State

> court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

(Emphasis added). Federal Rule of Civil Procedure 5 states: "[E]very written notice, . . . and similar paper shall be served upon each of the parties."

Although not expressly stated, § 1446(a) has been interpreted to require that "all defendants who are properly joined and served must join in the removal petition, and that failure to do so renders the petition defective." Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 (5th Cir. 1988). See also Johnson v. Helmerick & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990); Smith v. Union Nat'l Life Ins. Co., 187 F. Supp. 2d 635, 640 (S.D. Miss. 2001) ("There is no express statutory requirement for joinder or consent by co-defendants; however, the case law firmly establishes this requirement, which is known as the 'rule of unanimity'."). The rule applies to removals based on both diversity and federal question jurisdiction. See Orion Refining Corp. v. Fluor Enterprises, Inc., 319 B.R. 480. 484-85 (E.D. La. 2004) (rejecting argument that rule of unanimity is not applicable to civil actions removed on the grounds of federal question jurisdiction as "inconsistent with Supreme Court and Fifth Circuit case law").[5]

---

[5] An exception applies with respect to diversity removals: fraudulently joined defendants need not join in the removal petition. See Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs., 925 F.2d 866, 871 (5th Cir. 1991) (recognizing exception to general rule of unanimity, that

All defendants need not actually sign the removal petition itself, but they must consent to joinder within the thirty-day removal period, which means that within that time period, there must be "some timely <u>filed</u> written indication from each served defendant . . . that it has actually consented to such action.  Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant."  <u>Getty</u>, 841 F.2d at 1262 (emphasis added).

Logic dictates that just as a defendant is required by § 1446(d) to give written notice to all adverse parties of the filing of a notice of removal promptly after such notice has been filed, a defendant which separately consents to a removal must also promptly give written notice of the filing of his consent to the plaintiff.  However, while § 1446 and cases articulating and applying the rule of unanimity require that the notice of removal and any joinder therein be "filed" within the thirty-day removal period, nothing in the statute or case law requires that the notice of removal or a party's joinder in or consent to removal be <u>served</u> on the opposing party within the thirty-day removal period. Nor does Rule 5 require service of a notice of removal or a party's consent to removal within a specific time period.  The rule simply provides that papers must be served on other parties.

---

"'[n]ominal' or 'formal' parties need not join in the removal petition", "nominal" parties being those parties against whom a plaintiff has no reasonable possibility of recovery or parties with no real interest in the outcome of a case).

6

Thus, as the DerKnoCo defendants' joinder was timely "filed," the removal was not procedurally defective, as contended by plaintiff. Cf. Good v. Tyson Foods, Inc., 2006 WL 694998, *3 (N.D. Iowa March 17, 2006) (finding that defendant timely "'filed' his Notice of Removal on January 26, 2006, for purposes of 28 U.S.C. § 1446(b), notwithstanding the fact that Plaintiffs were not served with [his] Notice of Removal electronically. The Clerk of Court accepted [the] Notice of Removal on January 26, 2006, docketed it and filed it. Because the Clerk of Court filed [the] Notice of Removal on January 26, 2006, it was timely filed for purposes of 28 U.S.C. § 1446(b).").[6]

Under proper circumstances, a defendant's failure to "promptly" serve a plaintiff with a notice of removal or joinder in a notice of removal could perhaps provide a basis for some form of sanctions, but in the court's opinion, it is not a sufficient basis, at least under the circumstances here, to justify remand.

Based on the foregoing, it is ordered that plaintiff's motion to remand is denied. There is currently pending in this cause, as well as in the companion case of Credit Acceptance Corporation v. Washington, Civil Action No. 3:06CV340LS, a motion to compel

---

[6] Indeed, in cases where a defendant removes a case on the final day of the thirty-removal period and provides a copy of the notice to counsel opposite by some other means of service authorized by Rule 5, a routine occurrence, the plaintiff likely will not receive the notice within the thirty-day removal period.

arbitration. Any response to these motions to compel arbitration shall be filed on or before July 17, 2006.

SO ORDERED this 10th day of July, 2006.

                                              /s/ Tom S. Lee
                                              UNITED STATES DISTRICT JUDGE